Shauck, J.
A majority of the Court think the judgment of the Superior Court should be modified to the extent that the Rothschild’s Sons’ Company should be restrained from publishing the matter relating to the Brilliant Novelty Billiard Table on page 88 of their catalogue. Witness Friend, at page 47 of bill, testified that to his personal knowledge he has seen tables of this style and design, with the name of Rothschild’s Sons’ Company on them, which were not the tables of the defendant in error, but were made by other manufacturers in imitation of the defendants’ table. This, we think, is, clear proof of an injury to the property right of defendants. It shows the Rothschild’s Sons’ Company to have sold tables representing them to be the Brilliant Novelty Table, which was the defendants’ table, which tables were not made by the defendants, but which were made in imitation thereof *742 by the Rothschilds. Thus the purchasers were deceived and the defendants injured,and this may have been brought about by the advertisements referred to. It was calculated to do it.
As to the other matters enjoined, the proof wholly fails to show any facts corresponding with the above.
As to the advertisement on page 80,where they g.ive a cut of Hannah & Hogg’s saloon in Chicago, it appears from the evidence of Mr. Hogg that it bears no resemblance to their saloon, the tables of which were made by the defendants.
There is not a particle of evidence that tends to show that any injury has been,or will be,caused defendants by this advertisement. It is true that it is apiece of bare-faced and wonderful lying on the part of Rothschild’s Sons’ & Co.; but lying does not always benefit the one engaged in it,or injure the one intended to be injured; and, as we understand the law to be, there must be something more shown, before the party is entitled to relief, than mere lying being indulged in.
To the same effect is the evidence in regard to the Manhattan Table,on page 88. There is no evidence that plaintiffs in error are selling, or offering to sell, tables made by them in imitation of defendants’ table. They claim to be the originators of this table. The evidence clearly shows this to be a miserable lie, made without reason or excuse. The property right of the defendants in this table is to prevent others from selling or offering to sell tables under this name or design, which in fact were not made by defendants, but 'which were made by others in imitation thereof, but it does not embrace the right to prevent any one from lying about it by means of an injunction.
The same may be said in regard to the advertisement on page 84, in regard to Simons cloth. They claim to import all the genuine Simons cloth imported into this country, whereas the evidence shows that they did not import any. Neither do the defendants; but the evidence shows that the defendants buy ninety per cent, of all that is imported into this country. It seems to us that this is a harmful lie in the eyes of the law,as far as the defendants are concerned, although a reckless and senseless one to tell.
To the same effect are the advertisements of the Eclipse lamps and cushions. They are simply lies, made out of whole cloth, and for no apparent purpose, for the evidence fails to show that the plaintiffs are selling, have sold, or are about to sell, any of these articles as the defendants’, when in fact they are not.
D. Heinsheimer and Wm. L. Avery, for Plaintiff in Error.
Howard Douglass and Kittredge, Wilby & Simmons, for the Brunswick-Balke-Collender Co.
Besides, the evidence of defendant is to the effect that they have virtually no competition in this country in their line of business.
Only one of the witnesses runs a billiard table bearing the mark of the plaintiffs, and all of the billiard experts who are familiar with billiard, tables and makers, never heard of the plaintiffs, except as disclosed to them by the production of the plaintiffs’ advertisement. No damage seems to have resulted to defendants’ business, and it does not seem to us very probable that it will through such shameless lying as this.
Judge Shauck thinks the judgment should si and as it is.